IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANDERSON, KAREN ANDERSON,<br><br>        Plaintiffs,<br><br>    v.<br><br>ACCREDITED HOME LENDERS, INC., dba HOME FUNDS DIRECT, a California Corporation; SELECT PORTFOLIO, Inc., a Utah Corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants. | 2:10-cv-01318-GEB-KJN<br><br><u>ORDER SUA SPONTE REMANDING CASE TO STATE COURT</u> |

        This case will be remanded *sua sponte* to the Placer County Superior Court from which it was removed, since the federal court lacks subject matter jurisdiction over Plaintiffs' complaint and removal was improper.  "A court may *sua sponte* remand a case to state court for lack of subject matter jurisdiction without briefing or hearing if the lack of jurisdiction is clear." <u>Cortes v. Bank of Am., N.A.</u>, No. CV 09-7457 AHM (FFMx), 2009 WL 4048861, at *1 (C.D. Cal. Nov. 20, 2009) (citations omitted).

        Defendant Select Portfolio Servicing Company, Inc. ("Select Portfolio") states in its Notice of Removal filed on May 27, 2010, that this case was removed based on federal question jurisdiction. (Not. of Removal ¶ 3.)  Specifically, Select Portfolio asserts Plaintiffs' claims "arise and/or appear[] to arise under federal statutes, including the Truth in Lending Act, 15 U.S.C. § 1601 *et*

*seq.*, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*, and the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639 et seq., among possible others, due to the allegations of Plaintiffs that Defendants did not make certain disclosures concerning Plaintiffs' mortgage loan, that Defendants' failed to explain the terms of Plaintiffs' mortgage loan, and that Defendants engaged in a 'predatory lending scheme.'" (Id.)

However, review of Plaintiffs' complaint reveals their claims are based solely on state law.  Plaintiffs' complaint alleges the following seven claims against Defendants: 1) deceit, 2) fraud - actual, 3) fraud - constructive, 4) breach of fiduciary duty, 5) negligence, 6) violations of California Business and Professions Code § 17200 *et seq.*, and 7) violations of California Business and Professions Code § 17500 *et seq*.  Plaintiffs' claims concern misrepresentations Defendants allegedly made to Plaintiffs when Plaintiffs refinanced their home mortgage loan and obtained a home equity loan.

Federal courts have jurisdiction over claims "arising under" federal law.  28 U.S.C. § 1331.  "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000) (quoting Audette v. Int'l Longshoremen's & Warehousemen's Union, 195 F.3d 1107, 1111 (9th Cir. 1999)).  "The [well-pleaded complaint] rule makes the plaintiff the master of [his] claim[s]; he may avoid federal jurisdiction by exclusive reliance on state law."  Catepillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

1  Further, "when an alternative theory of relief exists for each claim
2  alleged in the complaint, one not dependent upon federal law, federal
3  question jurisdiction is defeated." Int'l Union of Operating Eng'rs
4  v. County of Plumas, 559 F.3d 1041, 1045 (9th Cir. 2009). Therefore,
5  "'[a]rising under' federal jurisdiction only arises . . . when the
6  federal law does more than just shape a court's interpretation of
7  state law; the federal law must be at issue." Id.
8      Nonetheless, "[u]nder the artful pleading doctrine, a
9  plaintiff may not defeat removal by omitting to plead necessary
10 federal questions in a complaint." Lippitt v. Raymond James Fin.
11 Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003) (quotations and
12 citations omitted). The artful pleading doctrine applies to "(1)
13 complete preemption cases, and (2) substantial federal question cases.
14 Subsumed within this second category are those cases where the claim
15 is necessarily federal in character or where the right to relief
16 depends on the resolution of a substantial, disputed federal
17 question." Id. (citations omitted).
18     Plaintiffs' claims do not arise under federal law. No
19 federal law is at issue, nor have Plaintiffs employed "artful
20 pleading" to clothe a "necessarily federal" or "substantial [and]
21 disputed federal question" as a state claim. Therefore, this Court
22 lacks subject matter jurisdiction over Plaintiffs' claims and remands
23 this case to the Placer County Superior Court from which it was
24 removed.

Dated:  July 7, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge